IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

LISA A. MCHENRY,

        Plaintiff,

v.                                                         3:08-cv-562-ST

PACIFICSOURCE HEALTH PLANS and THE         OPINION AND ORDER
METRO AREA COLLECTION SERVICE, INC.
GROUP HEALTH/DENTAL PLAN,

        Defendants.

STEWART, Magistrate Judge:

## INTRODUCTION

Plaintiff filed this action pursuant to the Employee Retirement Income Security Act of 1973 ("ERISA"), 29 USC § 1132(a)(1)(B), seeking coverage for Applied Behavioral Analysis

1 - OPINION AND ORDER

("ABA") therapy to treat her minor son, J.M., commencing in January 2007. McHenry and her son are participants in and/or beneficiaries of a medical benefit plan insured by PacificSource Health Plans ("PacificSource"), which is subject to ERISA. PacificSource provides coverage and decides whether to pay claims from its assets.

This case has been lengthy and complex. It has included document, interrogatory and deposition discovery; a settlement conference; preparation of a lengthy Stipulated Record; three summary judgment motions (two filed by McHenry) with supplemental briefing; McHenry's motion for reconsideration with supplemental briefing; McHenry's motion to amend; and PacificSource's motion for reconsideration. McHenry ultimately obtained an Amended Judgment ordering PacificSource to pay benefits under the 2007 Plan for J.M's ABA therapy beginning February 5, 2010.

Under ERISA § 502(g), 29 USC § 1132(g), McHenry now seeks to recover her reasonable attorney's fees and costs in the total sum of $230,259.75, consisting of $210,442.50 for Megan E. Glor and her law firm, $11,951.25 for Nina Cook and her law firm (Sussman Shank LLP), $2,316.00 for costs, and $5,550.00 for the services of Roy Pulvers and his law firm (docket # 143, as supplemented by docket #178). For the reasons set forth below, that motion is granted in the reduced sum of $211,942.50.

## PROCEDURAL HISTORY

McHenry submitted her claim to PacificSource in June 2007. PacificSource denied the claim, asserting that McHenry's ABA therapist, Emily Hoyt, a Board Certified Behavioral Analyst ("BCBA") was not an eligible provider, and that ABA therapy was excluded as "experimental or investigational," "academic training," and "social skill training." McHenry

2 - OPINION AND ORDER

exhausted the Plan's prelitigation appeal procedure by appealing at three levels, and then sued.

This court granted McHenry's first summary judgment motion in March 2009, holding that review would be *de novo*, and in January 2010, denied McHenry's second motion for summary judgment. It concluded that ABA therapy was medically necessary for J.M. and was not subject to any plan exclusion, but found that Hoyt was not an eligible PacificSource provider. However, the Court granted McHenry's motion for reconsideration, concluding that PacificSource had breached its fiduciary duty to McHenry by failing to inform her what information was needed to perfect her provider eligibility claim during the prelitigation appeal process, which prevented McHenry from enrolling Hoyt. After supplemental briefing, the court concluded that McHenry was entitled to coverage for J.M's ABA therapy commencing February 5, 2010. The court then denied PacificSource's motion for reconsideration, after which PacificSource filed an appeal to the Ninth Circuit.

## DISCUSSION

McHenry seeks to recover her attorney fees pursuant to 29 USC § 1132(g)(1) which provides: "In any action under this subchapter by a participant . . . the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." A prevailing ERISA plaintiff "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Smith v. CMTA-IAM Pension Trust*, 746 F2d 587, 589 (9th Cir 1984) (citations omitted). The guidelines for exercising discretion when awarding attorney fees under ERISA are set forth by the Ninth Circuit in *Hummell v. S.E. Rykoff & Co.*, 634 F2d 446, 453 (9th Cir 1980).

///

Under the applicable standards, PacificSource concedes that McHenry is entitled to recover her attorney fees and also does not contest the reasonableness of fees sought by Ms. Glor or any timekeeper in her law firm, either in terms of the hourly rates or number of hours expended. However, PacificSource does contest the propriety and reasonableness of the fees sought by Ms. Cook.

Ms. Cook has represented McHenry and her family business, The Metro Area Collection Service, Inc. ("MACS, Inc."), for more than 10 years on various litigation matters. Cook Decl. (docket #148), ¶ 1; Cook Reply Decl. (docket #179), ¶ 9; McHenry Decl. (docket #180), ¶ 6. She also is the registered agent for MACS, Inc. Cook Reply Decl., ¶ 9; McHenry Decl., ¶ 6. MACS, Inc., has purchased group medical insurance from PacificSource annually since 2004 and is the sponsor of the Metro Area Collection Service, Inc., Group Health/Dental Plan ("Plan"), the named defendant in this case. McHenry Decl. (docket #180), ¶ 2. Ms. Cook advised MACS, Inc., about service and tendering the lawsuit to PacificSource and authored the tender of defense letter. Cook Reply Decl. ¶ 10; Cook Decl., Ex. A. After exhausting PacificSource's mandatory prelitigation appeals process under ERISA, she also referred McHenry to Ms. Glor to handle this ERISA case and then acted as Ms. Glor's co-counsel. Cook Decl., ¶ 3; Glor Decl. (docket #145), ¶ 6. However, neither she nor her law firm ever represented the Plan in this case. Cook Decl., ¶¶ 2-3; McHenry Decl., ¶ 5.

PacificSource contends that Ms. Cook's representation of McHenry involves "a current conflict of interest" under the Oregon Rules of Professional Conduct 1.7(a) because she also represented MACS, Inc. Cook contests that she has violated any rules of ethical conduct because her representation of MACS, Inc., has been unrelated to this case and, in any event, MACS, Inc.,

4 - OPINION AND ORDER

is not the same as the Plan which is merely a policy of insurance and only a nominal defendant. This court need not decide that issue because PacificSource presents other compelling arguments in support of its position.

When accepting the tender of defense from MACS, Inc., PacificSource accepted and agreed to defend and indemnify the Plan under certain conditions. Hansen Decl. (docket #172), Ex. B. One of those conditions was "the written affirmation by Jon McHenry and all other employees, *agents* or affiliates of the Plan *or* Metro Area Collection Service, Inc. (with the exception of Lisa A. McHenry) will not speak with or provide any information to plaintiff Lisa A. McHenry and/or her counsel (or anybody associated with her counsels's law firms.)" *Id*, p. 1 (emphasis added). In other words, MACS, Inc., and its agents were prohibited from communicating or assisting McHenry in any way. Ms. Cook, as the attorney for MACS, Inc., was an agent of MACS, Inc. Therefore, as a condition of defending the Plan, she was barred from speaking with or providing any information to McHenry or Ms. Glor. Her assistance in Ms. Glor's representation of McHenry violated that condition. Accordingly, PacificSource is not required to pay McHenry for the time incurred by Ms. Cook in this case.

PacificSource also objects to Ms. Cook's fees as duplicative and unnecessary. This court agrees. All of her time entries relate to assisting Ms. Glor, reviewing and revising pleadings and keeping McHenry and her husband informed as to the status of the case. Cook Decl., ¶ 3 & Ex. A. Yet Ms. Cook referred McHenry to Ms. Glor due to "Ms. Glor's well known expertise in ERISA litigation matters." *Id*, ¶ 3. Both Ms. Glor and Ms. Cook have practiced law for about the same number of years, but Ms. Cook has focused on business litigation, professional malpractice and appellate law while Ms. Glor has focused on benefits litigation governed by

5 - OPINION AND ORDER

ERISA and non-ERISA plans for the past 10 years and almost exclusively to representing claimants in disputes involving disability, life and health insurance benefits for the past five years. *Id*, ¶ 2; Glor Decl., ¶¶ 1-3. Ms. Glor has appeared frequently in this court and is perfectly capable of handling a case like this without co-counsel. Glor Decl., ¶ 5. In fact, as Ms. Glor concedes, one of the reasons for Ms. Cook to act as co-counsel was her "longstanding attorney-client relationship with Ms. McHenry's business (the Plan sponsor)." *Id*, ¶ 7. That is not a sufficient reason to shift the cost of Ms. Cook's involvement to PacificSource.

Therefore, this court declines to award McHenry any attorney fees for Ms. Cook's time. In addition, this court sees no reason to award McHenry for the time incurred by Roy Pulvers to submit an affidavit concerning attorney professional responsibility and legal ethics. That affidavit was unnecessary since McHenry's argument on the lack of a conflict of interest by Ms. Cook could have easily been made without it. Accordingly, this court awards McHenry attorney fees of $210,442.50 for Ms. Glor and her law firm (inclusive of the Reply).

McHenry also seeks costs incurred in the sum of $2,316.00. That sum includes $816.00 set forth in the Bill of Costs (docket #150) which has already been granted and should not be included in this motion. The remaining $1,500.00 is for the services of Michael Knapp to review the file and prepare a supporting declaration. Glor Decl., ¶ 25. PacificSource does not object to that charge. Therefore, this court will add it to McHenry's attorney fee award, for a total award of $211,942.50 rather than add that sum to the costs which have already been awarded.

///

///

///

6 - OPINION AND ORDER

**ORDER**

Based on the above, the court GRANTS McHenry's Motion for Attorney Fees and Costs (docket #143) in the sum of $211,942.50 in addition to the costs previously awarded of $816.00.

DATED this 30th day of August, 2011.

s/ Janice M. Stewart_____<br>
Janice M. Stewart<br>
United States Magistrate Judge

7 - OPINION AND ORDER